UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

**CIVIL MINUTES -- GENERAL**

| | |
|---|---|
| Case No. ED CV 19-01487-VBF-AGR | Dated: September 27, 2019 |
| Title: *Baljit Singh (A #201-425-543), Petitioner v. Thomas Giles (Acting Field Office Director, U.S. Immigrations & Customs Enforcement), Kevin McAleenan (Acting Sec'y of U.S. Dep't of Homeland Security), and William Bar (U.S. Attorney General), Respondents* | |

PRESENT: HON. VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

| Stephen Montes Kerr | N/A |
|---|---|
| Courtroom Deputy | Court Reporter |
| Attorney Present for Petitioner: N/A | Attorney for Respondents: n/a |

**PROCEEDINGS (in chambers):  ORDER**          **Denying 2d TRO (Doc #12) Without Prejudice due to Improper Ex Parte Filing**

    On August 9, 2019, petitioner Baljit Singh, through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. section 2241. *See* CM/ECF Document ("Doc") 1. Petitioner also invokes 5 U.S.C. section 702 and the All Writs Act (28 U.S.C. section 1651) in support of subject-matter jurisdiction, *see* Doc 4-1. Petitioner filed an application for a temporary restraining order ("TRO") pursuant to Fed. R. Civ. P. 65 (Doc 4) and supporting memorandum (Doc 4-1) late on August 19, 2019.

-1-

Petitioner Singh explains that he sought asylum in the United States of America because he was being persecuted in his home country, India, due to his political views. *See* Doc 4-1 at 2. When petitioner initially sought asylum, the United States Department of Homeland Security ("DHS") issued an expedited order of removal (deportation), *see id.* DHS afforded petitioner a "credible fear interview" with an asylum officer, but ultimately made an adverse finding with regard to the required credible fear and upheld the expedited-removal order, *see* Doc 4-1 at 2.

Petitioner filed the instant habeas petition contending that DHS's determination is violative of the law as interpreted by *Thuraissigiam v. USDHS*, No. 18-55313, 917 F.3d 1097, 1119 (9th Cir. 2019), *see* Doc 1 and Doc 4-1 at 1, where the Ninth Circuit reversed the denial of an alien asylum-seeker's habeas corpus petition. The federal government filed a petition for writ of certiorari with the United States Supreme Court in *Thuraissigiam v. USDHS* on August 2, 2019 (S. Ct. No. 19-161), and appellee Thuraissigiam's response is due next Tuesday, September 3, 2019.

Petitioner warns that he "is subject to the imminent execution of the expedited removal order by DHS and could be deported to India prior to a determination of the merits of his . . . petition. This would irreparably harm petitioner." Doc 4-1 at 2.

As ordered by the Court, *see* Docs 7 and 8, respondents timely filed their brief opposing a TRO (Doc 9) on August 23, 2019. Petitioner did not file a reply brief, nor did he seek to extend the reply deadline. **By Order issued August 30, 2019 (Doc 10), this Court denied petitioner's TRO without prejudice due to his failure to comply with C.D. Cal. Local Civil Rule 65-1**, which requires that "all parties seeking a TRO must file an application separate from the complaint, as well as a proposed TRO and order to show cause why a preliminary injunction should not be entered."

Petitioner subsequently filed a second application for TRO (Doc 12), but he filed it ex parte. This Court determined that this second TRO application complied

with Local Civil Rule 65-1 and set deadlines for the government's mandatory response brief and petitioner's optional reply. The government filed its brief opposing the Second TRO (Doc 14), and petitioner's counsel did not file a reply within the time allotted. The Court finds this matter suitable for disposition without oral argument pursuant to C.D. Cal. Local Civil Rule 7-18. **The Court will deny the Second TRO Application due to petitioner's improper use of the ex parte procedure.**

**Except in cases involving classified documents, it is a long-standing principle that "'ex parte hearings are generally disfavored.'"** *US v. Sedaghaty*, 728 F.3d 885, 908 (9th Cir. 2013) (quoting *US v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998)); *see also US v. Kinney*, 911 F.2d 315, 321 (9th Cir. 1990). "The Ninth Circuit has emphasized . . . that courts have recognized very few circumstances justifying the issuance of ex parte relief." *19th Capital Group, LLC v. 3 GGG's Truck Lines, Inc.*, 2018 WL 5796349, *1 (C.D. Cal. May 7, 2018) (Percy Anderson, J.) (citing *Reno Air Racing Ass'n,, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006)).

**An ex parte application must establish** "why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner." *Mission Power Eng' Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). "**First**, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures." *Mission Power Eng'g*, 883 F. Supp. at 492. "**Second**, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.*

"Situations where" resort to the ex parte procedure is allowed "are uneasy compromises with some overriding necessity, such as the need to act quickly or to keep sensitive information from the opposing party." *US v. Wills*, 88 F.3d 704, 711 (9th Cir. 1996) (citing *US v. Thompson*, 827 F.2d 1254, 1258 (9th Cir. 1987)). Here,

petitioner has not contended that he needed to file this TRO application ex parte in order to keep sensitive information from respondents. Not can petitioner contend that he needed to file ex parte because he needed to do so to avoid imminent deportation that might occur if he followed customary motion practice. The respondents state that

> after Petitioner filed the first TRO application, undersigned counsel was able to contact Immigration and Customs Enforcement ('ICE'), who agreed not to remove [deport] Petitioner before August 27, 2019, to permit Respondents to respond to Petitioner's TRO request. And here, after being notified of the instant TRO application, ICE agreed not to remove petitioner before September 30, 2019.

Doc 14 (Gov's Opp. to 2d TRO) at 16 (citing Chen Declaration ¶ 4). In other words, there was no reason to think that petitioner's "cause w[ould] be irreparably prejudiced if the underlying motion [were] heard according to regularly noticed motion procedures." *Mission Power Eng'g*, 883 F. Supp. at 492. Nonetheless, even though petitioner knew that he would not be deported while following customary motion practice, he failed to provide advance notice to the United States Attorney's Office (respondents' counsel) before filing the first TRO application.

Then, before filing this second TRO application, petitioner's counsel gave no meaningful notice to respondents whatsoever. **Petitioner's "notice" to opposing counsel of this TRO application "consisted of a single email message sent only to counsel in Washington, D.C. at 4:54 p.m. Eastern local time on Friday, September 13, 2019, minutes before filing the TRO application."** Doc 14 (Gov's Opp to 2d TRO) at 15 (citing Chen Dec. ¶ 2 and Ex. A). **Thus, petitioner violated our District's Local Civil Rule 7-19.1, which states,**

> It shall be the duty of the attorney so applying [ex parte] (a) to make reasonable, good faith efforts orally to advise counsel for all other

parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application.

The Court finds that such a communication – sent near close of business on a Friday afternoon and only minutes before e-filing the Second TRO application – did not provide reasonable advance notice to the government of petitioner's intent to again seek a TRO against his deportation. Moreover, Local Rule 7-19.1 requires an ex parte movant to "make reasonable, good-faith efforts *orally* to advise counsel for all other parties, if known, of the date and substance of the propose ex parte application", and petitioner alleges only that the e-mailed government counsel about this application. *See Financial Industry Regulatory Authority, Inc. v. Training Consultants, LLC*, 2012 WL 13020027, *1 (C.D. Cal. Aug. 28, 2012) (An drew Guilford, J.) (Denying ex parte motion on both procedural and substantive grounds, stating, "The local rules require oral notice . . . . But here, FINRA only states that they *emailed* Defendants.").

**Central District of California Local Civil Rule 7-19.2(b) (Waiver of Notice) gives the Court discretion to excuse petitioner's lawyers' noncompliance with this simple Rule, but petitioner fails to show that the Court should do so.** The petitioner's noncompliance with the rules is alone sufficient to justify denial of the Second TRO Application. *See 19th Capital Group*, 2018 WL 5796349 at *2 (Anderson, J.) ("The Court denied the earlier [TRO] application for failure to provide notice to defendants, s required by Local Rule 7-19.1, and for failure to demonstrate facts to justify relief through an ex parte application rather than through a noticed motion."); *Ruvalcaba v. Citibank*, 2012 WL 12878654, *1 (C.D. Cal. May 30, 2012) (John Walter, J.) (determining that ex parte movant failed to comply with Local Rule 7-19.1 and stating that "[t]he motion is denied on that basis.").

**Finally, any exigency that exists due to the approach of the end of the government's voluntary forbearance from deportation (on October 1, 2019) is due in large part to petitioner's counsel's failure to proceed with reasonable dispatch.** After this Court denied petitioner's first TRO, counsel waited two weeks before filing this second TRO application. Thus, he also has not satisfied the requirement that an ex parte movant not be at fault in creating or exacerbating the exigency of the situation. *Compare Capital Bank PLC v. M/Y Birgitta*, 2010 WL 2132473, *1-*2 (C.D. Cal. May 24, 2010) (Philip Gutierrez, J.) (denying ex parte application for an order directing the interlocutory sale by the U.S. Marshals of a yacht, finding that "plaintiff created the alleged emergency by failing to file a motion for interlocutory sale at an earlier date") *with Midkiff v. US Bancorp*, 2012 WL 12882431, *2 (C.D. Cal. May 14, 2012) (Valerie Baker Fairbank, J.) ("Plaintiff has also adequately demonstrated that she is not at fault in requiring expedited consideration, or that any fault was due to excusable neglect, because Plaintiff did not receive notice of the scheduled eviction on May 8" and she filed the ex parte TRO application two days later on May 10).

## ORDER

Petitioner's second application for a TRO **[Doc #12] is DENIED**.

This denial is without prejudice to petitioner's right to file a renewed TRO application that complies with all applicable federal rules and local civil rules.

The case remains open and otherwise referred to the U.S. Magistrate Judge.

IT IS SO ORDERED.

                                          /s/ Valerie Baker Fairbank
                                          VALERIE BAKER FAIRBANK
                                          Senior United States District Judge